U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 29 2008

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Kevin Stein

versus

Federal Express Corp., et al

Civil Action 08-0636

Judge Tucker L. Melançon

Magistrate Judge Methvin

## MEMORANDUM RULING

Before the Court is plaintiff Kevin Stein's Motion To Remand and For Payment of Costs and Expenses [Rec. Doc. 10] and Federal Express Corporation's ("FedEx") opposition thereto [Rec. Doc. 13]. FedEx removed this action from the Sixteenth Judicial District for the Parish of Iberia, State of Louisiana on May 12, 2008 under 28 U.S.C. § 1332 (a). *R. 1*. After this matter was removed, on June 9, 2008, plaintiff filed a First Supplemental and Amended Petition for Damages alleging that "The amount of damages in controversy does not exceed $75,000." *R. 5, ¶ 13*. Thereafter, on June 11, 2008, plaintiff filed this motion to remand. *R. 10*.

In cases removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. The Fifth Circuit requires that "[t]he defendant ... make this showing either ... (1) by demonstrating that it is 'facially apparent' [from the plaintiff's petition] that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.' " *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999) (citing, *Luckett v. Delta*

*Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999)).

Plaintiff alleges in his First Supplemental and Amended Complaint that his injuries are not in excess of $75,000. Defendant contends in his Notice of Removal, that plaintiff's damages are at least $75,000. In support of his position defendant represents in his memorandum that counsel for plaintiff indicated to defendant's counsel prior to removal that plaintiff was recommended to undergo knee surgery for his torn medial meniscus and that although the surgery was scheduled, it was postponed and had not yet occurred. Defendant also represents that counsel for plaintiff indicated that the total loss value of plaintiff's pick-up truck was in excess of $15,000, that plaintiff has missed work and was asserting a lost wage claim, and that plaintiff's counsel expected to make a settlement demand which was in excess of $75,000.

Louisiana law prohibits a plaintiff from specifying damages in any numerical dollar amount in the complaint. See Louisiana Code of Civil Procedure. article 893(A). The Fifth Circuit has established a procedure to evaluate the jurisdictional amount in controversy based on a complaint that does not specify damages in dollars. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999). "The defendant may make [its] showing in either of two ways: (1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy ... that support a finding of the requisite amount." *Id.* The two tests are applied in order, and only if the "facially apparent" test is not met, do we then require "summary-judgment-type" evidence of the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 & n. 16 (5th Cir.1995).

2

While plaintiff was prohibited from alleging the dollar amount of his claim in his original petition filed in state court, he indicated in his First Supplemental and Amended Complaint that his claim was not $75,000 or more. Plaintiff's counsel has filed an Affidavit stating that "the plaintiff verified that his damages did not exceed $75,000 in the Supplemental and Amended Petition." The Affidavit is signed by plaintiff's attorney in this action and was filed after removal to this Court. Although plaintiff has not executed a binding stipulation, a failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and alone does not establish that this Court has jurisdiction. *Pollet v. Sears Roebuck and Co,* 46 Fed. Appx. 226, p.2 (5th Cir.2002)(disallowing the use of post-removal settlement demands because "the damages we may consider include only those damages claimed at the time of removal."). It is not facially apparent nor have any facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. Neither party has presented evidence of the valuation of damages sustained in this case.

Plaintiff also moves for an order awarding costs and expenses under 28 U.S.C. section 1447(c). The language of 28 U.S.C. § 1447(c) authorizing an award for such costs and expenses is discretionary. In exercising this discretion, a district court is to consider whether the removing party had "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000). Plaintiff does not provide any support for his motion for costs and expenses. The Court cannot conclude that defendant was not objectively reasonable in its removal of this action. Accordingly, it is,

ORDERED that plaintiff's Motion To Remand [Rec. Doc. 10] is DENIED as

3

premature. Within ten (10) days of the entry of this Order, the plaintiff may file a motion for leave to file a covenant not to execute any Louisiana state court judgment that may be rendered in her favor in excess of $75,000.00, in a form acceptable to and consented to by defendant's counsel. In the event of the failure to timely file such covenant, it is

FURTHER ORDERED that the Clerk of this Court is to set a determination of Jurisdictional Amount on the next available motion calendar of the Magistrate Judge assigned to this case. It is

FURTHER ORDERED that plaintiff's request for payment of costs and expenses [Rec. Doc. 10] is DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana this 28nd day of July, 2008.

Tucker L. Melançon
United States District Judge

COPY SENT:
DATE: 7-29-08
BY: CW
TO: PA
CS
HM